864 P.2d 812

**DEAF SMITH COUNTY GRAIN PROCESSORS, INC., Plaintiff–Appellee,**

v.

**David DIXON, Defendant–Appellant.**

**No. 13311.**

Court of Appeals of New Mexico.

Oct. 12, 1993.

Charles D. Alsup, Alsup Law Office, Clayton, for plaintiff-appellee.

Robert S. Skinner, Raton, for defendant-appellant.

## OPINION

HARTZ, Judge.

This appeal requires us to decide whether the district court had authority to determine whether Plaintiff–Appellee, Deaf Smith County Grain Processors, Inc. (Deaf Smith), acquired an easement by continuous use of a ditch for irrigation purposes, *see* NMSA 1978, § 73–2–5, or whether the matter must first be decided by the State Engineer. We hold that the district court had jurisdiction to decide the matter because there was no showing that the use of the ditch in this case changed the place of diversion, storage, or use of appropriated water. *See* NMSA 1978, § 72–5–24 (Repl. 1985).

The controlling facts are not disputed by the parties. The Defendant–Appellant, David Dixon (Dixon), and Deaf Smith own neighboring ranches with irrigation rights on the Dry Cimarron River System. The dispute centers on two ditches off the Dry Cimarron River—the Escondido Ditch and the Beheimer Ditch. The ditches are roughly parallel, with the Beheimer south of the Escondido. The headgate of the Beheimer is downstream from the Escondido headgate.

Deaf Smith is the sole user of the Escondido for irrigation. Dixon and Deaf Smith both use the Beheimer. Rights to use the Beheimer for irrigation were established by a decree that provides a priority date of 1919. Rights to use of the Escondido have a 1929 priority date pursuant to a license issued by the State Engineer to Deaf Smith's predecessor in 1930. Some time prior to 1945 Deaf Smith's predecessors in interest constructed a lateral ditch from the Escondido to the Beheimer for the purpose of irrigating a field south of the Beheimer with water from the Escondido. The irrigation is accomplished by opening headgates on the Beheimer, which allows water to flow into the Beheimer from the lateral and then flow out of the Beheimer onto the field.

On August 2, 1989, Deaf Smith filed suit against Dixon, alleging that Dixon had interfered with Deaf Smith's irrigation of the field south of the Beheimer with water from the Escondido by closing headgates on the Beheimer which needed to be opened to accomplish the irrigation. The pertinent portion of the Beheimer lay on Dixon's property. After a non-jury trial the district court ruled in favor of Deaf Smith, determining that Plaintiff had a right to use the Beheimer to transport water from the Escondido and that Dixon should be permanently enjoined from interfering with such transportation of water in the Beheimer.

The district court's findings support Deaf Smith's right to use the ditch pursuant to Section 73–2–5, which reads in pertinent part:

> [I]n all cases where there has been a continuous use of a ditch for the purposes of irrigation, for five years, it shall be conclusively presumed as between the parties, that a grant has been made by the owners of the land, upon which such ditch is located, for the use of the same.

Dixon does not challenge the sufficiency of the evidence to support the findings upon which application of Section 73–2–5 is based. Rather, Dixon contends that the

judgment (1) allows Deaf Smith to appropriate water in violation of Dixon's prior rights and (2) effects changes in the use of appropriated water without prior approval of the State Engineer. We disagree.

■ With respect to Dixon's first contention, the district court specifically ruled that it was not deciding any question regarding water rights. Moreover, Dixon's answer did not contain an affirmative defense or counterclaim asserting that Deaf Smith was using water for which Dixon had a prior right. Nothing in the judgment precludes Dixon from pursuing a violation by Deaf Smith of Dixon's rights under the decree and license which govern the Beheimer and Escondido ditches with regard to priority and quantity of water.

■ As for the second contention, we recognize the broad powers of the New Mexico State Engineer. In the words of one authority, "New Mexico law charges the State Engineer with the duty of administering all matters relating to the appropriation, transfer, and distribution of water. The State Engineer must approve all new appropriations of water for beneficial use as well as changes in the place or manner of existing uses." Charles T. DuMars, *New Mexico Water Law: An Overview and Discussion of Current Issues*, 22 Nat. Resources J. 1045, 1047 (1982) (footnotes omitted).

Yet Dixon has failed to show us what act of Deaf Smith required approval of the State Engineer beyond the license and decree granting Deaf Smith's water rights. Nothing in Section 73-2-5 suggests that a determination of rights under that statute is to be made by the State Engineer rather than by the district court. Section 72-5-24 provides that a water user needs the State Engineer's approval to change the purpose for which the water is appropriated or to change the place of diversion, storage, or use.[1] But Dixon acknowledges that Deaf Smith did not change the place of diversion and makes no claim regarding storage. That leaves only Dixon's claim regarding a change in the use of the water. Yet Deaf Smith's license appears to permit use of water from the Escondido to irrigate the land that it is irrigating by use of the lateral ditch from the Escondido to the Beheimer. More importantly, Dixon has failed to establish any use of water by Deaf Smith not permitted by the decree and license governing the two ditches. Even if the lateral ditch did not exist when the State Engineer issued the license to Deaf Smith's predecessor for use of water through the Escondido, we do not view a change in the vehicle of transport of water for a particular use to constitute a change in the use of water within the meaning of Section 72-5-24, at least in the absence of a provision in a decree or license mandating a specific means of transport.

Because Dixon has failed to show that the district court authorized any conduct that required further approval by the State Engineer, we hold that the dispute in this case was properly before the district court. The judgment of the district court is affirmed.

IT IS SO ORDERED.

MINZNER, C.J., and DONNELLY, J., concur.

---

1. Section 72-5-24 states in full:
   An appropriator of water may, with the approval of the state engineer, use the same for other than the purpose for which it was appropriated or may change the place of diversion, storage or use in the manner and under the conditions prescribed in Sections 72-5-3 and 72-5-23 NMSA 1978.